_____



SO ORDERED,

*Edward Ellington*

**Judge Edward Ellington**
**United States Bankruptcy Judge**
**Date Signed: September 25, 2015**

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:** | **CHAPTER 13** |
| **WILLIAM E. COOPER** | **CASE NO. 1401713EE** |

| | |
|---|---|
| **WILLIAM E. COOPER** | |
| **VS.** | **ADVERSARY NO. 1400050** |
| **MISSISSIPPI DEPARTMENT OF REVENUE** | |

| | |
|---|---|
| James G. McGee, Jr. | Attorney for Debtor |
| jmcgee@mcgeetaxlaw.com | |
| 125 South Congress St. Suite 1240 | |
| Jackson, MS 39201 | |
| | |
| John S. Stringer | Attorney for Mississippi Department of Revenue |
| john.stringer@dor.ms.gov | |
| P. O. Box 22828 | |
| Jackson, MS 39225-2828 | |

Edward Ellington, Judge

## FINDINGS OF FACT AND
## CONCLUSIONS OF LAW ON THE *DEFENDANT MISSISSIPPI DEPARTMENT OF REVENUE'S MOTION FOR SUMMARY JUDGMENT*

This matter came before the Court on the *Defendant Mississippi Department of Revenue's Motion for Summary Judgment* (Adv. Dkt. #42). After considering the motion and the brief, the Court finds for the following reasons that the motion is well taken and should be granted.

## FINDINGS OF FACT

William E. Cooper operated a sole proprietorship under the name of Cooper's Lock and Key Service. Mr. Cooper is a locksmith and also installs security monitoring systems. Mr. Cooper properly applied for a permit to conduct business in the State of Mississippi, and on February 1, 1984 the MDOR issued a Sales Tax Permit to:

> Cooper William E
> Coopers Lock & Key Serv
> 501 Hwy 49 North
> Flora   MS   39071[1]

On May 10, 2012, MDOR sent Mr. Cooper a letter informing him that MDOR would be conducting an examination of his sales tax returns for the period beginning March 1, 2009, through his most recent returns.[2] The letter also informed Mr. Cooper that MDOR would conduct an audit of his use, withholding and individual income tax returns. Mr. Cooper's signature on the "green card" or certified mail receipt[3] from the United States Postal Service shows that Mr. Cooper signed

---

[1] *Defendant Mississippi Department of Revenue's Memorandum Brief in Support of Motion for Summary Judgment* (Adv. Dkt. #43), Exhibit B, *Sales Tax Permit,* Adv. Pro. No. 1400050EE, Adv. Dkt. #43, August 18, 2015.

[2] *Id.* Exhibit C.

[3] *Id.* Exhibit D.

for and picked up the letter.

On June 5, 2012, MDOR began the audit at Mr. Cooper's place of business. Exhibit E, *Audit Report & Working Papers*, to MDOR's Brief details the documents provided to the auditor by Mr. Cooper, the information provided by Mr. Cooper's bookkeeper, and the findings of the auditor.

On October 19, 2012, MDOR issued to Mr. Cooper an *Assessment of Sales Taxes* (Assessment).[4] The Assessment[5] was mailed to the address of record with MDOR, which is the same address Mr. Cooper used on his Sales Tax Permit and listed on his bankruptcy petition. The Assessment states that "pursuant to an audit or other information relating to your records or returns,"[6] MDOR assessed Mr. Cooper with a total assessment of $59,432.00 for sales taxes due from March 1, 2009, to May 31, 2012. The Assessment further states that Mr. Cooper had sixty (60) days from the date of the assessment to either pay the assessment in full or to file an appeal with the MDOR's Board of Review (BOR.). The Assessment states the address where Mr. Cooper was to mail an appeal. Mr. Cooper did not appeal the Assessment to the BOR.[7]

When an appeal of the Assessment was not filed with the BOR, the MDOR began collection efforts. On March 8, 2013, MDOR enrolled the Assessment on the judgment rolls of the Circuit

---

[4] *Id.* Exhibit F.

[5] "'Assessment'. . . refers to the official recording of a taxpayer's liability, which occurs after information relevant to the calculation of that liability is reported to the taxing authority." *Direct Mktg. Ass'n v. Brohl*, — U.S. —, 135 S. Ct. 1124 (2015).

[6] *Defendant Mississippi Department of Revenue's Memorandum Brief in Support of Motion for Summary Judgment*, Exhibit G, *Assessment of Sales Taxes,* Adv. Pro. No. 1400050EE, Adv. Dkt. #43, August 18, 2015.

[7] *Id.* Exhibit H.

Clerk of Hinds County Mississippi.[8]

On May 27, 2014, William E. Cooper (Debtor) filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, Case No. 1401713EE. MDOR filed *Proof of Claim 6-1* on July 24, 2014, for a secured claim in the amount of $70,396.50. On October 10, 2014, MDOR filed an amended proof of claim, *Proof of Claim 6-2*, for a secured claim in the amount of $68,892.76.

The Debtor filed the above-styled adversary proceeding on July 14, 2014. Count One of the Debtor's Complaint asserts that the Assessment is void because of lack of adequate notice and because the MDOR based the Assessment on "alternative accounting methods not permitted when adequate records exist"[9] to calculate the Debtor's sales tax liability. Count Two asserts that the sales tax assessments are dischargeable, however, the Debtor fails to cite to any section of the Bankruptcy Code to support his contention that the sales taxes are dischargeable. Count Three "asserts that this complaint is the initial pleading by which an adversarial *(sic)* proceeding is initiated with regard to the subject dispute between the [Debtor] and MDOR."[10]

MDOR filed its *Answer to Complaint of William E. Cooper Initiating Adversary Proceeding* (Adv. Dkt. #7) (Answer). In its Answer, MDOR denies that the Debtor is entitled to the relief requested.

MDOR filed an objection to confirmation of the Debtor's plan, and on September 24, 2014, an *Agreed Order on Objections to Confirmation of Debtor's First Amended Plan and Second*

---

[8] *Id.* Exhibit I.

[9] *Complaint Initiating Adversary Proceeding,* Adv. Pro. No. 1400050EE, Adv. Dkt. #1, p. 5, July 14, 2014.

[10] *Id.* at 6.

*Amended Plan* (Dkt. # 72) (Agreed Order) was entered. In the Agreed Order, the parties agreed that the plan would provide for a secured claim for MDOR in the amount of $20,000.00 pending resolution of the above-styled adversary proceeding. The Agreed Order further provided that the Debtor's plan would be amended in accordance with the Court's ruling on the above-styled adversary proceeding. The *Order Confirming the Debtor's Plan, Awarding a Fee to the Debtor's Attorney and Related Orders* (Dkt. #111) (Confirmed Plan) was entered on February 12, 2015.

In the meantime, on January 1, 2015, MDOR enrolled the Assessment in the State Tax Lien Registry. The State Tax Lien Registry was created by the Mississippi Legislature in 2014 and became effective on January 1, 2015. As explained by MDOR in its Brief:

> As of the effective date of the legislation, all tax liens that had not been paid and were previously enrolled or re-enrolled with a county Circuit Clerk were enrolled on the State Tax Lien Registry. This recording was considered [a] re-enrollment of the lien as authorized by Mississippi law and the liens did not lose their priority. Additionally, a tax lien recorded in the State Tax Lien Registry covers all property in Mississippi.[11]

On August 18, 2015, MDOR filed its *Defendant Mississippi Department of Revenue's Motion for Summary Judgment* (Adv. Dkt. #42) (Motion) and its corresponding *Defendant Mississippi Department of Revenue's Memorandum Brief in Support of Motion for Summary Judgment* (Adv. Dkt. #43) (Brief). In its Motion, MDOR states that there are no questions of material fact and that MDOR is entitled to a judgment as a matter of law that the Assessment is nondischargeable.

On August 19, 2015, the Court's *Notice of Motion for Summary Judgment* (Adv. Dkt. #44) was sent to the Debtor's attorney, James G. McGee, Jr. The notice directed the Debtor's attention

---

[11]*Id.* at 4-5 n. 26.

to Rule 7056-1 of the *Uniform Local Rules for the United States Bankruptcy Courts of the Northern and Southern Districts of Mississippi*. Local Rule 7056-1(3)(B) states that a respondent shall file his response and brief to a motion for summary judgment within 21 days of service of the motion. To date, the Debtor has failed to file a response to the Motion and a corresponding brief.

## CONCLUSIONS OF LAW

### I.

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

### II.

Rule 56 of the Federal Rules of Civil Procedure,[12] as amended effective December 1, 2010,[13] provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, "the court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 106 S.Ct. 2505, 2510 (1986)." *Newton v. Bank of America (In re Greene),* 2011 WL 864971,

---

[12]Federal Rule of Civil Procedure 56 is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056.

[13]The Notes of Advisory Committee to the 2010 amendments state that the standard for granting a motion for summary judgment has not changed, that is, there must be no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Further, "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases."

\*4 (Bankr. E.D. Tenn. March 11, 2011).

"The moving party bears the burden of showing the . . . court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)." *Hart v. Hairston,* 343 F. 3d 762, 764 (5th Cir. 2003).

Once a motion for summary judgment is pled and properly supported, the burden shifts to the non-moving party to prove that there are genuine disputes as to material facts by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials."[14] Or the non-moving party may "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute."[15] When proving that there are genuine disputes as to material facts, the non-moving party cannot rely "solely on allegations or denials contained in the pleadings or 'mere scintilla of evidence in support of the nonmoving party will not be sufficient.' *Nye v. CSX Transp., Inc.,* 437 F. 3d 556, 563 (6th Cir. 2006); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986)." *Newton,* 2011 WL 864971 at \*4. "[T]he nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action." *Malacara v. Garber,* 353 F. 3d 393, 404 (5th Cir. 2003). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 106 S.Ct at 1356 (citations omitted).

When considering a motion for summary judgment, the court must view the pleadings and evidentiary material, and the reasonable inferences to be drawn therefrom, in the light most favorable

---

[14]Fed. R. Bankr. P. 7056(c)(1)(A).

[15]Fed. R. Bankr. P. 7056(c)(1)(B).

to the non-moving party, and the motion should be granted only where there is no genuine issue of material fact. *Thatcher v. Brennan*, 657 F. Supp. 6, 7 (S.D. Miss. 1986), *aff'd*, 816 F.2d 675 (5th Cir. 1987)(citing *Walker v. U-Haul Co. of Miss.*, 734 F.2d 1068, 1070-71 (5th Cir. 1984)); *see also Matshushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 1356-57, 89 L.Ed.2d 538, 553 (1986). The court must decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d. 202 (1986).

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e). "'A motion for summary judgment cannot be granted simply because there is no opposition....' *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985). However, a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law. *See id.*" *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014).

Based on the evidence presented to the Court in MDOR's Motion and Brief, the Court finds that the undisputed facts show that pursuant to Miss. Code § 27-65-1 to -111 (2010), Miss. Code § 27-65-3 (2010), and Miss. Code § 27-65-23 (2010) an assessment was made against the Debtor for sales tax; that the Debtor failed to appeal the Assessment to the BOR; and that MDOR recorded tax liens.

Consequently, the Court finds that there is no genuine issue of material fact and that MDOR is entitled to a judgment as a matter of law that the indebtedness is nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(A) and 11 U.S.C. § 507(a)(8)(A). Therefore, the Court finds that summary judgment should be granted in favor of MDOR and that the Complaint should be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, the Court finds that there is no genuine issue of material fact. Consequently, summary judgment should be granted in favor of MDOR and MDOR is entitled to a judgment as a matter of law that MDOR's *Proof of Claim 6-2* is nondischargeable.

A separate judgment will be entered in accordance with Federal Rules of Bankruptcy Procedure 7054.

## ##END OF OPINION##